**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**LEROY WEINTRAUB,**

       **Plaintiff,**

v.

**CITY OF DEARBORN,**

       **Defendant.**

_____/

Case No. 13-11481

Hon. Denise Page Hood

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT**
**AND**
**DISMISSING ACTION**

**I.     BACKGROUND**

Plaintiff Leroy Weintraub filed the Complaint against Defendant City of Dearborn on April 1, 2013 alleging:  a Violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111(7) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (Count I); and a Violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2615 (Count II).  (Comp., Doc. No. 1)

In his Complaint, Weintraub asserts he was hired by the City of Dearborn on October 18, 1994 as a Water and Sewer Technician.  (Comp., ¶ 9) Weintraub was

discharged by the City of Dearborn in a December 28, 2011 notice stating, "[b]ecause you are unable to secure MDOT [Michigan Department of Transportation] card due to your medical condition, you'll be released from your position as water and sewer technician effective December 30, 2011." (Comp., ¶ 10) By doing so on December 30, 2011, Weintraub claims the City of Dearborn avoided giving him another term of eligible FMLA leave beginning January 2, 2012. (Comp., ¶ 12) Weintraub asserts that he was wrongfully discharged because of his medical issues even though his doctor had assured the City of Dearborn that his diabetes and blood pressure were under control. (Comp., ¶¶ 11, 13) Weintraub further asserts that the City of Dearborn harassed him and forced him to submit to sugar tests on a daily basis and in the presence of his superiors. (Comp., ¶ 18) He states that the City of Dearborn refused to sign a waiver that would have allowed him to obtain an MDOT card. (Comp., § 17) Weintraub claims the City of Dearborn refused his request for accommodation, even though he was qualified for the available open positions. (Comp., ¶ 14)

On March 31, 2015, the Court entered an Order dismissing Weintraub's ADA claim in Count I. (Doc. No. 22) The FMLA claim in Count II remained because the City of Dearborn did not move to dismiss that claim. The Court thereafter allowed the City of Dearborn to file the instant second Motion for Summary Judgment addressing the FMLA claim. Briefs have been filed and oral argument heard.

## II.   ANALYSIS

### A.   Motion for Summary Judgment Standard

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case

necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23.  A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

### B.    FMLA

#### 1.    Standard

The FMLA permits eligible employees to take up to twelve weeks of unpaid leave during any 12-month period for family or medical reasons.  29 U.S.C. § 2612. The FMLA prohibits "any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right" provided under the statute.  29 U.S.C. § 2615(a)(1).  The FMLA also prohibits "any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful" under this statute. 29 U.S.C. § 2615(a)(2).  Two discrete theories of recovery under these two sections are recognized: 1) the so-called "interference" or "entitlement" theory under § 2615(a)(1) and (2), and the "retaliation" or "discrimination" theory under § 2615(a)(2). *Seeger v. Cincinnati Bell Tel.,* 681 F.3d 274, 282 (6th Cir. 2012).

Where a plaintiff lacks direct evidence of an employer's discriminatory intent, a plaintiff asserting an FMLA discrimination or retaliation claim must establish a prima facie case under the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1972) burden-shifting framework developed for Title VII cases, by indirect or circumstantial

evidence. *Seeger,* 681 F.3d at 283. To establish a prima facie case of discrimination or retaliation under the FMLA, a plaintiff must show: 1) he was engaged in an activity protected by the FMLA; 2) the defendant knew he was exercising a protected right; 3) he suffered an adverse employment action; and 4) a causal connection between the protected activity and the adverse employment action. *Id.* Only minimal credible evidence is required to carry the burden of proof at the prima facie stage. *Id*.

Once a plaintiff has established a prima facie case, then the next step of the *McDonnell Douglas* analysis is whether the defendant has articulated a legitimate, nondiscriminatory reason for the adverse action. *Id.* at 284. A plaintiff then must produce adequate evidence demonstrating that the defendant's proffered reason was pretext for discrimination. *Id.* Pretext may be established by showing that the defendant's proffered reasons 1) have no basis in fact; 2) did not actually motivate the action; or 3) were insufficient to warrant the action. *Id.* at 285. Pretext cannot be established "'unless it is shown both that the reason was false, and that discrimination was the real reason.'" *Id.* (quoting *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 515 (1993)).

### 2. Prima Facie Case/Causal Connection

Weintraub's payroll records indicate he had applied for and received intermittent paid FMLA leave from May 2011 through September 2011. (Doc. No.

26, Ex. 3) Weintraub continued his FMLA without pay under the FMLA through October 24, 2011 when his FMLA leave expired. (*Id.*) Weintraub was thereafter granted paid leave from the City's extended sick plan from October 28, 2011 through December 19, 2011. (*Id.*) Weintraub was unable to obtain the MDOT card during this time period because his sugar levels were too high. (Doc. No. 26, Ex. 1 at 18)

The City of Dearborn argues Weintraub is unable to prove a prima facie case for retaliation under the FMLA because there is a lack of a causal connection. The City of Dearborn claims that while Weintraub was on an FMLA leave and because he was unable to obtain his MDOT card, Weintraub was offered to be placed on a reemployment list, where he would be granted first preference to fill a vacancy for which he was qualified. (Doc. No. 26, Ex. 1 at 26 & Ex. 4) The City of Dearborn claims that it would not have placed him on the list if it intended to terminate Weintraub for using his FMLA leave.

Weintraub responds that the reason he was on an FMLA leave was to get his health under control and to obtain his MDOT certification. Weintraub claims that the City was on notice that he planned to apply for another FMLA leave before he was fired. Based on Weintraub's claim, there may be a question of fact as to whether there was a causal connection between the adverse action and Weintraub's intention to request for another FMLA leave. However, for the reasons set forth below,

Weintraub is unable to establish pretext.

### 3.      Legitimate Non-Discriminatory Reason/Pretext

The City of Dearborn argues that even if Weintraub can establish a prima facie case, he cannot overcome the City's valid, non-discriminatory and non-pretextual reason for terminating him.   The City claims that the reason for terminating Weintraub was his failure to obtain his MDOT card due to his health condition.  This reason, the City argues, is not a pretext for terminating Weintraub.   Weintraub responds that the City had no factual basis to outright fire him and that the City had a duty under the FMLA to place him at a position with similar terms and benefits and, if not, the City should have waited a few more days so Weintraub could become eligible for another FMLA leave.

As this Court ruled in its summary judgment motion as to the ADA claim, the City of Dearborn established that Weintraub was required to possess a CDL and MDOT card for his position as Water & Sewer Technician I.  (Doc. No. 22, Pg ID 258) The City's reason for terminating Weintraub is a legitimate, non-discriminatory reason.

Other than Weintraub's "belief" that the reason for his termination was merely pretext so that he could not take another FMLA leave, he has submitted no facts for this belief.  Weintraub is unable to establish pretext.  The reason for Weintraub's

termination is based on the fact that a Water 7 Sewer Technician I is required to hold an MDOT card.  (Doc. No. 26, Ex. 4)  Weintraub admits that the position requires an MDOT card and that he was unable to obtain one during the time he was on leave. (Doc. No. 26, Ex. 1 at 17-18)  Weintraub has not shown that the reason for his termination was false and that such reason was mere pretext.  Weintraub's FMLA discrimination claim must be dismissed.

### 4.     Second FMLA Leave

As to Weintraub's claim that he should have been allowed to take another 12-week FMLA leave, the Sixth Circuit has noted that employees who are "unable to perform an essential function of the position because of a physical or mental condition . . . has no right to restoration to another position under the FMLA." *Mendel v. City of Gibraltar,* No. 14-1789, 2015 WL 1637874 at *7 (6th Cir. Apr. 14, 2015).  The FMLA is designed to protect the employee who is unable to perform the functions of the position temporarily from losing his position during the leave period, but does not provide an employee with a right to take unscheduled and unpredictable leave of absences for the rest of his career.  *See, Spangler v. Fed. Home Loan Bank*, 278 F.3d 847, 851-53 (8th Cir. 2002).  Weintraub has not shown that the City has the duty to further inquire whether an employee should be allowed another FMLA leave after the first 12 week FMLA leave has expired.  Weintraub's FMLA leave expired

in October 2011.  The FMLA only requires a 12-week FMLA leave.  There remains

no genuine issue of material fact that the City violated Weintraub's rights under the

FMLA.  Any claim that the City retaliated or interfered with Weintraub's right to a

second FMLA leave must be dismissed.

## III.   CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant City of Dearborn's second motion for

summary judgment as to the FMLA claim in Count II **(Doc. No. 26)** is GRANTED.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.


S/Denise Page Hood_____
Denise Page Hood
United States District Judge

Dated:  November 10, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of
record on November 10, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry_____
Case Manager